# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY BONANZA BRILEY, | Civil Action No. 3: 14-cv-0193 |
| Petitioner, | United States District Judge |
| v. | Kim R. Gibson |
| ERIC H. HOLDER, JR., Attorney General, United States; and MARK A. KIRBY, Warden, Federal Correctional Institute, Loretto, PA | United States Magistrate Judge Cynthia Reed Eddy |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Petitioner, Jay Bonanza Briley, filed a "Petition to Quash or Revoke Unconstitutional Management Variable Pursuant to Habeas Corpus Action Under 28 U.S.C., Section 2241(a)(3)." It is recommended that the petition be dismissed for lack of subject matter jurisdiction.

**II.     REPORT**

Petitioner, Jay Bonanza Briley ("Petitioner" or "Briley"), a federal prisoner currently confined at Federal Correction Institution Loretto ("FCI Loretto") in Loretto, Pennsylvania, filed the instant Petition pursuant to 28 U.S.C. § 2241 (ECF Nos. 1 and 3), seeking the Court to order the Bureau of Prison ("BOP") to expunge all findings pertaining to his security classification level and that he be allowed to serve his sentence on home confinement or, in the alternative, at a federal prison camp. He argues that the BOP's actions were unconstitutional because he was deprived of due process of law.

1

A.   *Relevant Background*

Briley was convicted in the United States District Court for the Eastern District of Virginia on March 11, 2009, to one count of Assaulting, Obstructing, and Impeding a Federal Officer; two counts of Obstructing and Impeding a Federal Officer; and one count of Disorderly Conduct - Obscene Acts. (*See* Response, ECF No. 12-1). His projected release date from his federal sentence is December 21, 2018. A Greater Security Management Variable was applied to Briley's custody classification score due to the facts involved in his criminal case, specifically that Briley used violence against a federal officer and resisted arrest.

On September 9 2014, Briley initiated this lawsuit by the filing of the instant habeas petition. However, the case was ordered statistically closed on September 15, 2014, as the Petition had been received without a filing fee or the forms required to proceed in forma pauperis. The next day, the case was reopened as Briley paid the filing fee and the Petition was filed.

Respondent has filed his Response (ECF No. 12) in which he argues that the Court lacks subject matter jurisdiction over Briley's custody classification challenge. Respondent further argues that to the extent the Court construes the petition to allege a due process violation, Briley does not have a protected interest in his classification or place of confinement. Respondent also argues that Briley failed to exhaust his administrative remedies.

B.  *Discussion*

1.  Jurisdiction

Section 2241 provides in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." *Gomori v. Arnold,* 533 F.2d 871, 874 (3d Cir. 1976).

In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243–44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation. In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a garden variety prison transfer:

Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in

> finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for . . . re-entry into the community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, overnight passes, or furloughs. *See United States v. Hillstrom*, 988 F.2d 448 (3d Cir. 1993*); see also United States v. Latimer*, 991 F.2d 1509, 1513 (9th Cir. 1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
> Given these considerations, and the weight of authority from other circuits . . ., we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

*Woodall,* 432 F.3d at 243-44 (footnotes omitted).

Unlike *Woodall,* Briley's challenges to the application of a Greater Security Management Variable and his complaints regarding being designated to a specific BOP institution are challenges to the conditions of his confinement rather than to the fact or duration of his confinement. The Court finds that it lacks jurisdiction to entertain Briley's challenge to the BOP's application of a Greater Security Management Variable to his security classification and his related designation to a specific BOP institution. *See Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) ("We agree with the District Court that Levi's claims concerning the determination of his custody level do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition. . . . None of his claims challenge the fact or length of his

sentence or confinement" (internal citations omitted)); *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (" Cohen's challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment] . . . In the absence of the type of change in custody level at issue in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding.")[1]

C.  *Certificate of Appealability*

Title 28, United States Code, § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264–65 (3d Cir. 2000); 28 U.S.C. § 2253(c) (1)(B). As such, the Court should make no certificate of appealability determination in this matter.

D.  *Conclusion*

For all of the above reasons, the Court recommends that the Petition for Writ of Habeas Corpus be dismissed for lack of subject matter jurisdiction.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of

---

[1] Because the Court finds that it lacks jurisdiction, it is not necessary to address Respondent's additional arguments.

service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: February 9 , 2015

cc: JAY BONANZA BRILEY
    48412-083
    LORETTO
    FEDERAL CORRECTIONAL INSTITUTION
    Inmate Mail/Parcels
    P.O. BOX 1000
    LORETTO, PA 15940
    (via U.S. First Class Mail)

    Amie S. Murphy
    United States Attorneys Office
    (via ECF electronic notification)