IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY BONANZA BRILEY | ) |
| | ) Civil Action No. 3: 14-cv-00193 |
| Petitioner, | ) |
| | ) United States District Judge |
| v. | ) Kim R. Gibson |
| | ) |
| ERIC HOLDER, JR., Attorney General, | ) |
| United States of America, and MARK A. | ) |
| KIRBY, Federal Correctional Institute, | ) |
| Loretto, Pennsylvania, | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

Presently pending is Petitioner's Motion for Reconsideration (ECF No. 21). For the reasons that follow, the motion will be denied.

### Background

On March 4, 2015, the Court entered a Memorandum Order which adopted as the Opinion of the Court the Report and Recommendation issued by Magistrate Judge Cynthia Reed Eddy (ECF No. 13) and dismissed the Petition for lack of subject matter jurisdiction. The Court also entered Judgment on that date. (ECF Nos. 15 and 16.)

On May 7, 2015, Petitioner filed the instant Motion for Reconsideration pursuant to "Rule 59(b) or 59(e)." Motion at 1.

### Standard of Review

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 28 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief

from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce v. Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A motion under Rule 60(b) "must be made within a reasonable time . . . ." Fed.R.Civ.P. 60(c)(1).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. A motion filed under Rule 59(b) or (e) "must be filed no later than 28 days after entry of the judgment." Fed.R.Civ.P. 59(e).

**Discussion**

To the extent, Petitioner's motion is made pursuant to Rule 59(b) or (e), same is clearly time barred. Judgment was entered in this case on March 4, 2015; therefore, any motion pursuant to Rule 59(e) should have been filed on or before April 3, 2015. Significantly, Petitioner filed a Notice of Appeal on April 6, 2015, which is pending before the Court of

2

Appeals. Petitioner offers no explanation for his delay in filing the instant motion. Moreover, if the motion were timely filed, it would be denied as Petitioner has failed to show that he is entitled to relief due to an intervening change in the controlling law; the availability of new evidence that was not available when the court issued its order; or the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677.

To the extent Petitioner's motion is made pursuant to Rule 60, same must also be denied. If Petitioner's notice of appeal is effective, then this court can only deny the Rule 60(b) motion. Typically, the filing of a notice of appeal automatically transfers jurisdiction from the district court to the appellate court. *Main Line Fed. Savs. & Loan Assoc. v. Tri-Kell, Inc.*, 721 F.2d 904, 906 (3d Cir. 1983). However, in the case of a motion filed under Rule 60(b), the district court retains jurisdiction to consider and deny, but not grant the motion. *Judkins v. HT Window Fashions Corp.*, 704 F. Supp.2d 470, 498 (W.D.Pa. 2010).

If a lower court intends to grant a Rule 60(b) motion while a notice of appeal is pending, the proper procedure is as follows: "If that court [i.e., the lower court] indicates that it will grant the motion [under Rule 60], the appellant should then make a motion in this court [i.e., the appellate court] for a remand of the case in order that the District Court may grant the motion . . . ." *Tri-Kell*, 721 F.2d at 906 (quoting *Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir. 1952)). Shortly after *Tri-Kell*, the U.S. Court of Appeals for the Third Circuit reaffirmed this procedure in further detail:

> Most Courts of Appeals hold that while an appeal is pending, a district court, without permission of the appellate court, has the power both to entertain and to deny a Rule 60(b) motion. If a district court is inclined to grant the motion or intends to grant the motion, those courts also hold, it should certify its inclination or its intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have power to grant the motion,

3

but not before.

*Venen v. Sweet*, 758 F.2d 117, 123 (3d Cir.1985); *see also Hancock Industries v. Schaeffer*, 811 F.2d 225, 240 (3d Cir.1987) (same).

The Court of Appeals for the Third Circuit "view[s] Rule 60(b) motions as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (*quoting Plisco v. Union R.R. Co.*, 379 F.2d 15, 16 (3d Cir. 1967)).

Petitioner has presented no arguments which persuade this Court that there is any basis for this Court to grant relief under Rule 60(b). Therefore, the motion will be denied.

## ORDER OF COURT

**AND NOW,** this 12th day of May, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion for Reconsideration is **DENIED.**

Kim R. Gibson
United States District Judge

cc: JAY BONANZA BRILEY
48412-083
LORETTO FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940
(via U.S. First Class Mail)

Amie S. Murphy
United States Attorneys Office
(via ECF electronic notification)